**BRESSLER AMERY & ROSS, P.C.**
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200 (phone)
*Attorneys for Defendants*
*Megadyne America LLC and Philip Cohenca*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA STAPLETON,<br><br>    Plaintiff,<br><br>vs.<br><br>MEGADYNE JASON INDUSTRIAL, INC. and PHILIP COHENCA,<br><br>    Defendants. | Civil Action No.: 2:19 -cv-8167<br><br>**NOTICE OF REMOVAL**<br>**(Original Jurisdiction)** |

Defendants Megadyne America, LLC (improperly plead as Megadyne Jason Industrial, Inc.) and Philip Cohenca (collectively referred to as "Defendants"), by and through their attorneys, Bressler, Amery & Ross, P.C., pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and with a full reservation of any and all rights, claims, objections and defenses, hereby files this Notice of Removal from Superior Court of New Jersey, Law Division, Essex County, in which the action is now pending under Docket Number ESX-L-755-19 to the United States District Court for the District of New Jersey, and respectfully state:

### THE REMOVED CASE

1.     Plaintiff Melissa Stapleton ("Plaintiff") commenced the above-captioned action on or about January 19, 2019, by filing a Complaint in the Superior Court of New Jersey, Law Division, Essex County, entitled Stapleton v. Megadyne Jason Industrial, Inc., et al.,

5263314_1

Docket No. ESX-L-755-19 (herein after "State Court Action").  A true and accurate copy of Plaintiff's Complaint filed in that matter is attached hereto as Exhibit 1.

## JURISDICTION AND GROUNDS FOR REMOVAL

2. Venue may be appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b).

3. This action is a civil action removable to this Court pursuant to 28 U.S.C. § 1441 because this Court has original jurisdiction over this cause under 28 U.S.C. § 1331.

4. Plaintiff alleges federal law claims for relief that are removable to federal court.  Plaintiff's Complaint alleges that she was fired in violation of the Family Medical Leave Act ("FMLA") 29 U.S.C. §§ 2601, et. seq. (Second Count). Such a claim is removable to Federal District Court.  Said claim is one for relief over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and § 1337, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441 and 29 U.S.C. § 1132(e)(1).  See, e.g., Conoshenti v. Pub. Serv. Electric & Gas Co., 364 F.3d 135, 140, n. 5 (3d Cir. 2004) (holding that because plaintiff's FMLA claim involved a federal question, removal was proper under 28 U.S.C. 1441(b)); Abeyta v. Liberty Mutual Group Inc., No. 14-cv-533, 2014 U.S. Dist. LEXIS 96371 (W.D. Tex. July 16, 2014) (finding that FMLA cases are clearly removable).

5. Because this Court has original jurisdiction over federal questions, it acquired supplement jurisdiction over Plaintiff's related state law claims.  Borough of West Mifflin v. Lancaster, 45 F.3d 789, 786-87 (3rd Cir.1995); King v Crossland Savs. Bank, 111 F.3d 251, 256 (2d Cir.1997).

**THE REMOVAL IS TIMELY AND PROCEDURALLY PROPER**

6. On or about February 15, 2019, Defendants were served with copies of the Complaint. Receipt of these documents on that date was Defendants' first notice that Plaintiff intended to pursue a claim for relief that could be removed to this Court.

7. The thirty (30) day time frame provided in 28 U.S.C. § 1446(b) for removing this action began to run on February 15, 2019. Defendants, therefore, are filing this Notice of Removal within the time frame provided in 28 U.S.C. §1446(b) and the Federal Rules of Civil Procedure.

8. All defendants who have been served and are parties to this lawsuit consent to the removal of this case.

9. Pursuant to Fed. R. Civ. P. 81(c)(2)(C), Defendants' response to the Complaint is not due to be served until seven (7) days from today, or March 15, 2019.

**FILING OF REMOVAL PAPERS**

10. Pursuant to 28 U.S.C. § 1446(d), Defendants concurrently herewith give written notice of filing of this Notice of Removal to the Plaintiff and to the Superior Court, Essex County, New Jersey. A copy of that Notice is attached to this Removal. (See Exhibit 2 (without exhibits)).

11. By filing this notice, Defendants do not waive any defenses that may be available to them, specifically including, but not limited to, improper service of process and the absence of venue in this Court or in the Court from which this action has been removed and hereby expressly reserves the right to assert any defense or motion available.

**WHEREFORE**, Defendants Megadyne America, LLC (improperly plead as Megadyne Jason Industrial, Inc.) and Philip Cohenca hereby remove the above-captioned

action now pending against them in the Superior Court of New Jersey, Essex County, Law Division, to the United States District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

                                        Respectfully submitted,

                                        **BRESSLER, AMERY & ROSS, P.C.**
                                        *Attorneys for Defendants*
                                        *Megadyne America, LLC and Philip Cohenca*

By: _____
                          Jed L. Marcus

Dated: March 8, 2019

## **LOCAL RULE 11.2 CERTIFICATION**

      Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that, at the time of filing the within, the undersigned is not aware that the matter in controversy is the subject of actions pending in any other court, or of any pending arbitration or administrative proceeding, except as disclosed herein.

                                        **BRESSLER, AMERY & ROSS, P.C.**
                                        *Attorneys for Defendants*
                                        *Megadyne America, LLC and Philip Cohenca*

By: _____
                          Jed L. Marcus

Dated: March 8, 2019

## **CERTIFICATE OF SERVICE**

On this day, I certify that a copy of the above and foregoing notice was caused to be filed by ECF.

I also hereby certify that a true copy of the above and foregoing notice was electronically filed by e-Courts with the Clerk's Office, Superior Court of New Jersey, Essex County Courthouse, 50 West Market Street, Newark, New Jersey 07102.

I also hereby certify that on this date, I caused to be forwarded for service upon counsel for Plaintiff, by e-Courts and first class mail to:

> Edward P. Azar, Esq.
> Law Offices of Edward P. Azar, LLC
> 2840 Route 23 South,
> Newfoundland, New Jersey 07435

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*/s/ Jed L. Marcus*
———————————————
Jed L. Marcus

Dated: March 8, 2019

# Exhibit 1

LAW OFFICES OF EDWARD P. AZAR, LLC
2840 Route 23 South
Newfoundland, New Jersey 07435
NJ Attorney I.D. 011091977
Phone: (973) 697-7400
Fax: (973) 697-0895
Attorney for Plaintiff

| | |
|---|---|
| MELISSA STAPLETON, | SUPERIOR COURT OF NEW JERSEY |
| | ESSEX COUNTY |
| Plaintiff, | |
| | LAW DIVISION |
| v. | |
| | DOCKET #: |
| MEGADYNE JASON INDUSTRIAL, INC. and PHILIP COHENCA, | COMPLAINT AND JURY DEMAND |
| Defendants. | |

The Plaintiff, Melissa Stapleton, presently residing at 411 Rutherford Place in the Township of Vernon (Highland Lakes), County of Sussex and State of New Jersey by way of Complaint against the Defendants says:

### FIRST COUNT

1. In or about 2006, the Plaintiff, Melissa Stapleton, began working for Megadyne Jason Industrial, Inc.

2. The Defendant, Megadyne Jason Industrial, Inc., is a corporation licensed to do business in the State of New Jersey and operates their business at 340 Kaplan Drive, Fairfield, New Jersey. During the course of the Plaintiff's employment with said Defendant, she worked for the Defendant at their Fairfield, New Jersey location.

3. During the course of her employment, the Plaintiff held several jobs with the Defendant, the most recent, working in the accounting department.

1

4. On January 18, 2017, the Plaintiff sustained a severe and debilitating injury as a result of a slip and fall injury at her residence. As a result of the same, she was out of work from January 18, 2017 through April 3, 2017. On April 4, 2017 she returned to work pending future surgery. During the course of Plaintiff's return to employment, she was able to fully function and perform all of her duties and responsibilities.

5. Plaintiff last worked on June 29, 2017. The surgery was scheduled for June 30, 2017. At the time Plaintiff last worked, she advised the Defendant that her doctor had indicated that there would be at least a four (4) month recovery.

6. During the course of the Plaintiff's recovery, she continued to provide ongoing treatment status and an update on her medical condition.

7. Plaintiff received a telephone call from her treating physician on December 11, 2017 advising that he was permitting her to return to work December 13, 2017 on light duty.

8. Plaintiff reported her intention to return to work on light duty to Diane Fobert, her immediate supervisor in her capacity as an employee of the Defendant, Megadyne Jason Industrial, Inc. Ms. Fobert became frustrated, annoyed and conducted herself in a threatening manner toward Plaintiff perturbed that the Plaintiff had to return to work on light duty. Approximately one (1) hour after the initial conversation with Ms. Fobert, Ms. Fobert called Plaintiff advising her that she had been fired because her position had been eliminated. Ms. Fobert later confirmed the same in written correspondence dated December 12, 2017.

9. Said Diane Fobert, conducted herself and performed her duties in the course of her employment with the Defendant, Megadyne Jason Industrial, Inc., and did so with the consent, authority and/or authorization of said Defendant.

10. The conduct and actions of Diane Fobert on behalf of the Defendant, Megadyne Jason Industrial, Inc., terminated Plaintiff's employment during the period of time in which she was disabled.

11. Furthermore, the conduct and actions and reason given by the Defendant terminating Plaintiff's employment were untrue and further there was no justifiable basis for her termination.

12. The conduct and actions of the Defendant resulted in the wrongful termination of Plaintiff.

13. As a result of the conduct and actions of the Defendant, their agents, servants, and/or employees, the Plaintiff has sustained severe financial damages.

**WHEREFORE**, the Plaintiff, Melissa Stapleton, demands judgment against the Defendant, Megadyne Jason Industrial, Inc., for damages together with costs of suit and interest.

## SECOND COUNT

1. The Plaintiff repeats and reiterates the allegations contained in the previous Count as though set forth herein at length.

2. As a result of the wrongful termination of the Plaintiff as aforesaid, the Defendant violated the rights and privileges afforded to the Plaintiff under Family Medical Leave Act as well as her disability rights and privileges to which she was entitled as a result of the same.

3. As a result of the conduct and actions of the Defendant, Megadyne Jason Industrial, Inc., Plaintiff has suffered substantial damages.

**WHEREFORE,** the Plaintiff, Melissa Stapleton, demands judgment against the Defendant, Megadyne Jason Industrial, Inc., for damages together with costs of suit and interest.

### THIRD COUNT

1. The Plaintiff repeats and reiterates the allegations contained in the previous Counts as though set forth herein at length.

2. The conduct and actions of the Defendant as aforesaid violated the Plaintiff's rights while she was disabled pursuant to the New Jersey Disability Act in that the Plaintiff was terminated during a period of time in which she was disabled and not released to return to work from her medical provider.

3. The conduct and actions of the Defendant, Megadyne Jason Industrial, Inc., its agents, servants and/or employees directly violated the privileges and entitlements to which the Plaintiff was entitled as a result of her disability and as a result therefore, Plaintiff is entitled to recover punitive damages.

**WHEREFORE,** the Plaintiff, Melissa Stapleton, demands judgment against the Defendant, Megadyne Jason Industrial, Inc., for punitive damages together with costs of suit and interest.

### FOURTH COUNT

1. The Plaintiff repeats and reiterates the allegations contained in the previous Counts as though set forth herein at length.

2. The conduct and actions of the Defendant, Megadyne Jason Industrial, Inc., its agents, servants and/or employees were intentional, malicious and conducted with a want and disregard of the rights and privileges to which the Plaintiff was entitled.

3. As a result of the same, the Plaintiff is entitled to punitive damages for the wrongful conduct of the Defendant.

**WHEREFORE**, the Plaintiff, Melissa Stapleton, demands judgment against the Defendant, Megadyne Jason Industrial, Inc., for punitive damages together with costs of suit and interest.

## FIFTH COUNT

1. The Plaintiff repeats and reiterates the allegations contained in the previous Counts as though set forth herein at length.

2. In the course of the Plaintiff's employment, the Defendant, Philip Cohenca, sexually harassed and made unwanted and unjustifiable sexual comments and advances toward the Plaintiff.

3. The Plaintiff repeatedly objected to the same. Further Plaintiff reported the conduct and actions of said Defendant to her superiors. They did not take any action or corrective measures to stop the Defendant, Philip Cohenca, from conducting himself in such fashion.

4. The conduct and actions of said Defendant caused the Plaintiff to suffer extreme mental anguish and distress.

5. The actions of the Defendant, Philip Cohenca, were wrongful, intentional and as a result, the Plaintiff, Melissa Stapleton, suffered the damages indicated herein.

WHEREFORE, the Plaintiff, Melissa Stapleton, demands judgment against the Defendant, Philip Cohenca, for damages together with costs of suit and interest.

## SIXTH COUNT

1. The Plaintiff repeats and reiterates the allegations contained in the previous Counts as though set forth herein at length.

2. The Defendant, Philip Cohenca, conducted himself during the course of his employment with the Defendant, Megadyne Jason Industrial, Inc. The Defendant is therefore vicariously liable for the conduct and actions of the employees of said Defendant.

WHEREFORE, the Plaintiff, Melissa Stapleton, demands judgment against the Defendants, Philip Cohenca and Megadyne Jason Industrial, Inc., for damages together with costs of suit and interest.

## SEVENTH COUNT

1. The Plaintiff repeats and reiterates the allegations contained in the previous Counts as though set forth herein at length.

2. The conduct and actions of the Defendant, Philip Cohenca, and the Defendant, Megadyne Jason Industrial, Inc., violates the Plaintiff's rights under the Law Against Discrimination (LAD). The Defendants created a hostile work environment and wrongfully subjected the Plaintiff to the same without undertaking corrective action to remediate the circumstances.

3. As a result of the conduct and actions of the Defendants, the Plaintiff is entitled to punitive damages against said Defendants, Philip Cohenca and Megadyne Jason Industrial, Inc.

**WHEREFORE**, the Plaintiff, Melissa Stapleton, demands judgment against the Defendants, Philip Cohenca and Megadyne Jason Industrial, Inc., for punitive damages together with costs of suit and interest.

## EIGHTH COUNT

1. The Plaintiff repeats and reiterates the allegations contained in the previous Counts as though set forth herein at length.

2. As a result of the conduct and actions of the Defendant, its agents, servants and/or employees as aforesaid and on all previous Counts set forth herein, the Plaintiff is entitled to recover counsel fees and costs incurred by the Plaintiff.

**WHEREFORE**, the Plaintiff, Melissa Stapleton, demands judgment against the Defendants, Megadyne Jason Industrial, Inc. and Philip Cohenca, individually and jointly for counsel fees and costs incurred by Plaintiff.

## NINTH COUNT

1. The Plaintiff repeats and reiterates the allegations contained in the previous Counts as though set forth herein at length.

2. During the course of the Plaintiff's employment with the Defendant, Megadyne Jason Industrial, Inc., the company developed, created and disseminated among its employees a handbook pertaining to the rights, entitlements and privileges to which the Plaintiff, as an employee of Megadyne Jason Industrial, Inc. was entitled.

3. Defendant violated the Plaintiff's rights pursuant to said handbook by terminating her while she was on disability, not affording her an ample opportunity to have a hearing and depriving her of income benefits pursuant to said handbook.

4. As a result of the same, the Plaintiff has sustained severe financial damages.

7

**WHEREFORE**, the Plaintiff, Melissa Stapleton, demands judgment against the Defendant, Megadyne Jason Industrial, Inc., for damages together with costs of suit and interest.

LAW OFFICES OF EDWARD P. AZAR, LLC

Date: January 29, 2019                                        _____
                                                                                  Edward P. Azar, Esq.

## CERTIFICATION

In accordance with Rule 4:5-1, the above captioned action is not the subject of any other action pending in any Court or pending arbitration proceeding. No other action or arbitration proceeding is contemplated, and there are no other known parties at this time to my knowledge who should be joined in this action.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Edward P. Azar is hereby designated as trial counsel.

## DEMAND OF TRIAL BY JURY

Please take notice that the Plaintiff demands a trial of issues by jury.

LAW OFFICES OF EDWARD P. AZAR, LLC

Date: January 29, 2019                                        _____
                                                                                  Edward P. Azar, Esq.

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-000755-19**

**Case Caption:** STAPLETON MELISSA  VS MEGADYNE JASON INDUS TRIAL,

**Case Initiation Date:** 01/29/2019

**Attorney Name:** EDWARD P AZAR

**Firm Name:** EDWARD P. AZAR

**Address:** 2840 ROUTE 23 SOUTH NEWFOUNDLAND NJ 07435

**Phone:**

**Name of Party:** PLAINTIFF : Stapleton, Melissa

**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/29/2019                                                                                         /s/ EDWARD P AZAR
Dated                                                                                              Signed

# Exhibit 2

Jed L. Marcus, Esq. (No. 000741987)
**BRESSLER AMERY & ROSS, P.C.**
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200 (phone)
*Attorneys for Defendants*
*Megadyne America LLC and Philip Cohenca*

| | |
|---|---|
| MELISSA STAPLETON,<br><br>  Plaintiff,<br><br>vs.<br><br>MEGADYNE JASON INDUSTRIAL, INC. and PHILIP COHENCA,<br><br>  Defendants. | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY: LAW DIVISION<br>Docket No.: ESX-L-755-19<br><br>Civil Action<br><br>**NOTICE OF FILING OF REMOVAL** |

**TO:**  Clerk, Superior Court of New Jersey
  Essex County Veterans Courthouse
  50 West Market Street
  Newark, New Jersey 07102

  Edward P. Azar, Esq.
  Law Offices of Edward P. Azar, LLC
  2340 Route 23 South
  Newfoundland, New Jersey 07435
  *Attorneys for Plaintiff*
  *Melissa Stapleton*

**SIR/MADAM:**

**PLEASE TAKE NOTICE** that, or about March 8, 2019, Defendants Megadyne America, LLC (improperly plead as Megadyne Jason Industrial, Inc.) and Philip Cohenca (collectively referred to as "Defendants") caused to be filed a Notice of Removal in the United States District Court for the District of New Jersey removing the above-captioned action from the Superior Court of New Jersey, Law Division of Essex County, to the United States District Court for the District of New Jersey.  A copy of the Notice of Removal is

5263688_1

attached hereto as <u>Exhibit 1</u>.  The filing of this Notice with the Clerk of the Superior Court of New Jersey, Essex County effected immediate removal of this action to the United States District Court for the District of New Jersey.

      **PLEASE TAKE FURTHER NOTICE** that this Notice of that filing is given pursuant to the provisions of 28 U.S.C. §1446(d) as amended.

                    **BRESSLER, AMERY & ROSS, P.C.**
                    *Attorneys for Defendants*
                    *Megadyne America, LLC and Philip Cohenca*

By: _____
                    Jed L. Marcus

Dated: March 8, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a copy of Defendants' Notice of Filing of Removal to be filed with the Clerk of the Superior Court of New Jersey, Essex County Courthouse via e-Courts.

I also hereby certify that on this date, I caused to be forwarded for service upon counsel for Plaintiff, by e-Courts and first class mail to:

> Edward P. Azar, Esq.
> Law Offices of Edward P. Azar, LLC
> 2840 Route 23 South,
> Newfoundland, New Jersey 07435

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*/s/ Jed L. Marcus*

Jed L. Marcus

Dated: March 8, 2019